IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTEL WARD**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| **SHERIFF ODDIE SHOUPE** | ) | |
| in his individual capacity, | ) | JURY TRIAL DEMANDED |
| **DONNA DANIELS**, in her | ) | |
| individual capacity, | ) | |
| **JUDGE SAM BENNINGFIELD**, in | ) | |
| his individual capacity, and | ) | |
| **WHITE COUNTY, TENNESSEE**, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR MONETARY DAMAGES AND INJUNCTIVE RELIEF

Christel Ward files this action in accordance with Tennessee State Law and

42 U.S.C. § 1983 to vindicate her state law rights, and her constitutional rights,

including her Constitutional Rights under the Fourteenth Amendment.

## PRELIMINARY STATEMENT

These Defendants decided to embarrass the State of Tennessee, nationally,

by harking back to a blatantly discriminatory and condemned practice: Eugenics.

See City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 463, 105 S. Ct.

3249, 3267, 87 L. Ed. 2d 313 (1985) (documenting the fact that "29 States enacted

1

compulsory eugenic sterilization laws between 1907 and 1931.") Based on evidence gathered, Shoupe no doubt has deemed Ms. Ward and all human beings who happen to be incarcerated at the White County Jail as "undesirables," a synonymous phrase with past-time eugenic favorites such as "the problem of the unfit," "feeble minded," and "imbeciles." Shoupe's *discredited* dogma squarely places him in Charles Davenport's *disgraced* camp of "[h]uman improvement by better breeding."

Shoupe's policy is Eugenics with-a-twist: an official program ratified and implemented by Sheriff Shoupe that dangled a 30-day reduction in jail time, but only in exchange for Ms. Ward and other convicted misdemeanants giving up their constitutional right to procreate, by agreeing to some form of sterilization (vasectomy for males; three-to-five-year birth-control implant for women). This unconstitutional program strikes at the very heart of voluntary consent because consent is no consent at all—when consent is unduly coerced by government officials.

Scores of inmates, including Ms. Ward, took the bait; they now regret it. For example, the procedure was performed on Ms. Ward, and then—in classic bait-and switch fashion—Defendants told Ms. Ward that she would not receive the promised 30-day reduction in jail time. On top of that, and adding insult to severe

injury, when Ms. Ward demanded that Defendants reverse the procedure because she was not receiving her promised reduction in jail time, Defendants told Ms. Ward that she had to actually pay Defendants $250.

Moreover, any notion that Shoupe is simply following a court order is refuted by facts. Ms. Ward had Nexplanon injected in her arm—pursuant to the condition that she would receive a 30-day reduction in jail time—on May 5, 2017, a date that represents a full 10 days before Benningfield issued the Order represented as Exhibit 1 to this Complaint. In truth, Shoupe met with Judge Benningfiled and the Tennessee Department of Health about Shoupe's program and asked Benningfield to issue the subject order while also requesting the Department of Health to participate in his program. No wonder the Tennessee Department of Health has publicly (and adamantly) denied responsibility for this program.

Simply put, in 2017, our country has come too far with respect to promoting the inherent worth and dignity of people (incarcerated or otherwise), to go this far backwards. Ms. Ward now states the following to support her claims:

3

## JURISDICTION AND VENUE

### 1.

Jurisdiction is proper under 28 U.S.C. § 1331 and 1343(a)(4), as well as under 42 U.S.C. § 1983. And Venue is proper under 28 U.S.C. § 1391(b) and on the supplemental jurisdiction of this Court to adjudicate claims arising under state law pursuant to 28 U.S.C. § 1367(a).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

### 2.

Ms. Ward was a free citizen at the time she filed this Complaint and thus she had no mandate to exhaust any jail grievance procedure prior to filing this Complaint.

## THE PARTIES

### A. Ms. Christel Ward, Plaintiff

### 3.

Ms. Ward is a resident of Tennessee and competent to stand trial to defend all claims she has made against these Defendants.

4

### B. Sheriff Oddie Shoupe, Defendant

4.

At all times relevant to this Complaint, Defendant Oddie Shoupe was a United States citizen, a Tennessee resident, and the sworn Sheriff of the White County Sheriff's Office. In his capacity as Sheriff, Shoupe was the final policy maker for White County with respect to all health programs in which White County Jail inmates participated. Sheriff Shoupe ratified, approved, and implemented the policy of permitting a 30-day reduction in jail time in exchange for inmates under his custody and care undergoing either a vasectomy (for men), or Nexplanon birth-control implant (for women). Shoupe knew that Ms. Ward was a participant in the 30-day reduction program because he reviewed a signup sheet and approved Ms. Ward's participation in the program.

At all times relevant, Shoupe had the independent authority to refuse, on behalf of the jail and the County, implementation of the 30-day reduction program because the subject Court Order did not mandate Shoupe to implement that program. Shoupe received the subject Court Order because the White County Sheriff, Shoupe, is conspicuously carbon copied on the subject Court Order. (See Ex. 1.)

5

At all relevant times to this Complaint, Defendant Shoupe was acting under the color of state law. At all relevant times, Defendant Shoupe was subject to the laws of the State of Tennessee and the Constitution of the United States. At all relevant times, Shoupe was responsible for knowing and acting in accordance with all policies, procedures, orders, special orders, general orders, guidelines and regulations of the White County Sheriff's Office. Ms. Ward is using both Tennessee state law and 42 U.S.C § 1983 as the vehicle to sue Shoupe in his individual capacity regarding both state and federal claims.

5.

**C. Donna Daniels, Defendant**

At all times relevant to this Complaint Defendant Donna Daniels was a United States citizen, a Tennessee resident, and the sworn Deputy of the White County Sheriff's Office. Daniels also ratified, approved, and implemented the policy of permitting a 30-day reduction in jail time in exchange for inmates under her custody and care undergoing either a vasectomy (for men), or Nexplanon birth-control implant (for women). Defendant Daniels knew that Ms. Ward was a participant in the 30-day reduction program because she signed Ward up to the program and approved Ms. Ward's participation in the program.

6

At all relevant times to this Complaint, Defendant Daniels was acting under the color of state law. At all relevant times, Defendant Daniels was subject to the laws of the State of Tennessee and the Constitution of the United States. At all relevant times, Daniels was responsible for knowing and acting in accordance with all policies, procedures, orders, special orders, general orders, guidelines and regulations of the White County Sheriff's Office. Ms. Ward is using both Tennessee state law and 42 U.S.C § 1983 as the vehicle to sue Daniels in her individual capacity regarding both state and federal claims.

### D. White County, Tennessee, Defendant

6.

White County is a political subdivision of the State of Tennessee and among its other functions operates and maintains a law enforcement agency, known as White County Sheriff's Office, and the Tennessee Department of Health. White County has an obligation to ensure the constitutionality of all health programs in which inmates at White County Jail participate, such as the subject health program in which Ms. Ward participated—and to achieve this objective, at all times relevant, White County established or delegated to Defendant Shoupe the responsibility as final policy maker for White County of ratifying, establishing and

implementing policies, practices, procedures and customs regarding said health programs.

White County does not have immunity for violating the civil rights of its citizens and has waived sovereign immunity for the acts and omissions of its employees arising out of and in the course and scope of their employment. At all times relevant, White County was acting under color of state common and statutory law. The current County executive, Denny Wayne Robinson, is the agent for service of process of this Complaint and Mr. Robinson can be served at 1 East Bockman Way (Courthouse), Room 205, Sparta, TN 38583.

### E. Judge Sam Benningfield

7.

Judge Sam Benningfield was, at all times relevant, the Judge who entered the order represented as Exhibit 1, and currently serves as a judge of White County General Sessions Court. Shoupe approached Benningfield about his already implemented jail program of providing a 30-day reduction in jail time in exchange for White County inmates, such as Ms. Ward, agreeing to participate in a form of sterilization wither by vasectomy or Nexplanon, inter alia. Shoupe requested Benningfield to enter an order judicially solidifying his on-going

program and on May 15, 2017 Benningfield entered an order solidifying the program.

At all relevant times to this Complaint, Defendant Benningfield was acting under the color of state law. At all relevant times, Defendant Benningfield was subject to the laws of the State of Tennessee and the Constitution of the United States. At all relevant times, Benningfield was responsible for knowing and acting in accordance with all policies, procedures, orders, special orders, general orders, guidelines and regulations of the White County Sheriff's Office. Ms. Ward is using both Tennessee state law and 42 U.S.C § 1983 as the vehicle to sue Benningfield in her individual capacity regarding both state and federal claims.

## <u>RELEVANT FACTS</u>

### F.  The Court Order

8.

On May 15, 2017 Judge Sam Benningfield issued a Standing Order that state the following:

> "For good cause shown including judicial economy and the administration of justice, it is ORDERED any White County inmate serving a sentence for the General Sessions Court who satisfactorily completes the State of Tennessee, Department of Health Neonatal Syndrome Education (NAS) Program be given two (2) days credit toward completion of his/her jail sentence.  Any such female inmate who receives the free Nexplanon implant or any such male inmate who has the free vasectomy as a result thereof shall

be given an additional thirty (30) days credit toward completion of his/her jail sentence."

### G. Defendant Shoupe's general authority regarding White County Jail and White County Sheriff's Office

9.

Sheriff Shoupe is the sheriff of White County Sheriff's Office.

10.

Sheriff Shoupe oversees the operations of the White County Jail.

11.

There exists no higher ranking employee who is employed by the White County Sheriff's Office than Sheriff Shoupe.

12.

There exists no higher-ranking employee who is employed by the White County Jail than Sheriff Shoupe.

13.

Sheriff Shoupe has the authority to discharge any employee from their employment with the White County Jail.

14.

Sheriff Shoupe has the authority to discharge any employee from their employment with the White County Sheriff's Office.

10

### H. Defendant Shoupe's request Judge Benningfield to file an Order to legitimatize his program

15.

Ms. Ward had Nexplanon implanted in her arm on May 5, 2017 at White County Jail by Tennessee Department of Health official with Donna Daniels present.

16.

*The day, May 5, 2017 that Ms. Ward had Nexplanon placed in her arm represents a full 10 days prior to Judge Benningfield's Order represented by Plaintiff's Exhibit 1*.

17.

Shoupe approached Benningfield long before Benningfield's May 15, 2017 order and requested Benningfield to enter an order based on the program he had already implemented within White County Jail, the same program that resulted in Ms. Ward getting the subject Nexplanon injected into her arm on May 5, 2017.

18.

Defendant Shoupe requested Judge Benningfield to establish a standing order regarding a 30-day reduction in jail time in exchange for White County inmates subjecting themselves to a form of sterilization such as women implanting Nexplanon into their bodies and men subjecting themselves to vasectomies.

19.

White County Jail inmates, including Ms. Ward, had Nexplanon injected into their arms in exchange for a promised 30-day jail time reduction prior to Judge Benningfield's order – represented as Exhibit 1 to this Complaint—being filed on May 15, 2017.

20.

In his capacity as Sheriff, Shoupe was the final policy maker for White County with respect to all health programs in which White County Jail inmates participated.

21.

The Standing Order– represented as Exhibit 1 to this Complaint—does not mandate that Sheriff Shoupe request inmates, under his custody, care, and control, permit a government official to implant Nexplanon into their bodies in exchange for a 30-day reduction of their jail sentences.

22.

The Standing Order– represented as Exhibit 1 to this Complaint—does not mandate that Sheriff Shoupe tell inmates, under his custody, care, and control, that they should permit a government official to implant Nexplanon into their bodies in exchange for a 30-day reduction of their jail sentences.

23.

Sheriff Shoupe had the independent authority to disapprove all promotion—in any manner—of inmates under his custody, care, and control permitting a government official to implant Nexplanon into their bodies in exchange for a 30-day reduction in their jail sentences.

24.

Sheriff Shoupe ratified, approved, and implemented a jail policy of permitting a 30-day reduction in jail time in exchange for inmates under his custody, care, and control undergoing either a vasectomy (for men), or birth-control implant (for women).

I.   **Shoupe's Authority with respect to permitting employees of the Tennessee Department of Health to enter White County Jail**

25.

In order to receive a 30-day reduction in a jail sentence, Ms. Ward had to attend a class in which members from the Tennessee Department of Health made a presentation about Nexplanon and "drug addicted babies," while Lieutenant Donna Daniels—a subordinate of Shoupe's—was present.

At all times relevant, Shoupe had the authority to prevent any member from the Tennessee Department of Health from entering White County Jail.

27.

Shoupe knowingly permitted members from Tennessee Department of Health to enter White County Jail to make a presentation, which included information about Nexplanon and "drug addicted babies," to Ms. Ward and other inmates.

## J. Shoupe's implementation of his unconstitutional policy

28.

Shoupe ordered his subordinate Donna Daniels to verbally encourage all women incarcerated at White County Jail to permit a government official to implant their bodies with Nexplanon in exchange for a 30-day reduced jail sentence.

29.

Daniels, acting on Shoupe's command, approached the women's pod where Ms. Ward was housed and actively encouraged Ms. Ward to permit a government official to implant Nexplanon into her body in exchange for a 30-day reduction in her sentence.

30.

Ms. Ward and other female inmates who were encouraged to permit a government official to inject Nexplanon into their bodies in exchange for a 30-day reduced sentence, had to sign a "sign up" sheet prior to receiving the Nexplanon injection.

31.

By Shoupe's order, Daniels presented Shoupe with the sign-up sheet referred to in the above paragraph 25, that contained Ms. Ward, and Shoupe approved each person, along with Ms. Ward, whose name appeared on the signup sheet, prior to that Ms. Ward permitting a government agent to inject a Nexplanon implant in her arm in exchange for a 30-day reduced jail sentence.

32.

After signing the sign-up sheet, Ms. Ward attended a Department of Health Neonatal Syndrome Education (NAS) Program presentation led by a government official from the Tennessee Department of Health, which was simultaneously attended by Shoupe's subordinate, Daniels.

15

### K. Shoupe wanted everyone sterilized because he thinks all inmates will give birth to drug addicted babies

33.

Prior to Ms. Ward attending the Department of Health Neonatal Syndrome Education (NAS) Program presentation, led by a government official from the Tennessee Department of Health, Daniels told Ms. Ward that the primary reason that the White County Jail officials were pushing Ms. Ward and other to permit the injection of Nexplanon into their bodies was to stop babies from being born addicted to drugs.

34.

Shoupe never once attempted to identify White County Jail inmates with documented drug addiction problems as a specified group that should be targeted as persons who need to be sterilized.

35.

Shoupe never once ordered any of his subordinates to identify White County Jail inmates with documented drug addiction problems as a specified group that should be targeted as persons who need to be sterilized.

36.

Not one employee of White County, including any employee of White County Jail and White County Sheriff's Office, attempted to identify White County Jail inmates with documented drug addiction problems as a specified group that should be targeted as persons who need to be sterilized.

**L. Shoupe teams up with the Tennessee Department of Health to double down on his theory that all White County Jail inmates will eventually give birth to a drug addicted babies**

37.

In order to approve employees of the Tennessee Department of Health entering his jail to present the Department of Health Neonatal Syndrome Education (NAS) Program to Ms. Ward and others—Shoupe first viewed the entire Department of Health Neonatal Syndrome Education (NAS) Program, and approved that program to be presented to Ms. Ward and others.

38.

Shoupe met with the Tennessee Department of Health prior to Benningfield entering his Order (See Ex. 1) and requested them to participate in the subject program that resulted in Ms. Ward getting Nexplanon injected into her arm (on May 5, 2017) in exchange for a 30-day reduction in jail time.

17

39.

Ms. Ward, while participating in the Department of Health Neonatal

Syndrome Education (NAS) Program, viewed lots of graphic images and other

material regarding babies born addicted to drugs and was also told by Tennessee

Department of Health Officials—on top of being told by Daniels—that the

primary goal of Shoupe's jail program is to prevent babies being born addicted to

drugs. Ms. Ward was also shown figures estimating the financial burden to the

state of Tennessee to medically treat drug addicted babies.

40.

Ms. Ward, while participating in the Department of Health Neonatal

Syndrome Education (NAS) Program, signed a sign-up sheet for the jail and saw

others who participated in said program sign the same sign-up sheet.

41.

Ms. Ward, while participating in the Department of Health Neonatal

Syndrome Education (NAS) Program, signed a sign-up sheet for the Department

of Health and saw others who participated in said program sign the same sign-up

sheet.

42.

Ms. Ward, while participating in the Department of Health Neonatal Syndrome Education (NAS) Program, saw Shoupe's subordinate, Daniels, present during the entire time that Tennessee Department of Health officials made their presentation to Ms. Ward and other White County Jail inmates.

43.

After completing the Department of Health Neonatal Syndrome Education (NAS) Program, Ms. Ward went back to her cell.

**M. Shoupe orders Ms. Ward Sterilized**

44.

Shoupe ordered his subordinate Daniels to take Ms. Ward and each person that completed the Department of Health Neonatal Syndrome Education (NAS) Program to the White County Jail Infirmary so that Ms. Ward and others could be sterilized by officials from the Tennessee Department of Health.

45.

Once Daniels escorted Ms. Ward to the infirmary to be sterilized—per Shoupe's orders—Ms. Ward signed a sterilization waiver as requested by Daniels and health officials; then health officials—with Daniels present the whole time—injected Nexplanon into Ms. Ward's arm.

## N. The unlawful and sick bait-and-switch Shoupe pulled on Ms. Ward

46.

Prior to Ms. Ward permitting a government official to inject Nexplanon into her body—pursuant to the policy and program approved and implemented by Shoupe—Daniels told Shoupe that Ms. Ward did not qualify for the 30-day reduction, and Shoupe responded by telling Daniels to nevertheless permit Ms. Ward to be injected with the Nexplanon, and to not tell Ms. Ward that she doesn't qualify for the 30-day reduction in jail time.

47.

Prior to Ms. Ward permitted a government official to inject Nexplanon into her body—pursuant to the policy and program approved and implemented by Shoupe—and despite knowing Ms. Ward did not qualify for the 30-day jail time reduction, Shoupe did not tell Ms. Ward that she would not receive the 30-day reduction in time in exchange for permitting government officials to inject her with Nexplanon.

48.

Prior to Ms. Ward permitted a government official to inject Nexplanon into her body—pursuant to the policy and program approved and implemented by Shoupe—and despite knowing Ms. Ward did not qualify for the 30-day jail time

20

reduction, Daniels did not tell Ms. Ward that she would not receive the 30-day reduction in time in exchange for permitting government officials to inject her with Nexplanon.

49.

The jail program that Shoupe ratified and implemented required Ms. Ward to be a "White County inmate serving a sentence for the General Sessions Court," and Ms. Ward was not serving a sentence from the General Sessions Court.

50.

Daniels knew Ms. Ward did not qualify for the program because after Ms. Ward signed the signup sheet for the program, and before Ms. Ward got the Nexplanon injection, Donna Daniels verified that Ms. Ward was not a White County inmate serving a sentence for the General Sessions Court.

51.

*Despite knowing full well that Ms. Ward was not a White County inmate serving a sentence for the General Sessions Court, Daniels intentionally permitted Ms. Ward to be injected with Nexplanon under the false pretense that Ward would receive in exchange a 30-day sentence reduction—because Daniels thought she could convince a different judge from the Court that actually sentenced Ms. Ward to participate in the jail program, but that judge refused*. As a result,

21

Daniels strung Ms. Ward along with excuse after excuse as to why Ms. Ward was not being released pursuant to the agreement, until Ms. Ward served her whole sentence with absolutely zero reduction in time.

52.

After realizing that she would not benefit from a 30-day reduction in jail time, and before being released, Ms. Ward demanded that Daniels remove the Nexplanon from her arm, but Daniels responded by telling Ms. Ward that she, Ms. Ward, would have to pay $250 dollars to get the Nexplanon removed. The Nexplanon remains in Ms. Ward's arm to this day.

## COUNT I

### VIOLATION OF MS. WARD'S FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS RIGHTS UNDER 42 U.S.C. § 1983
(*Against Shoupe and Daniels in their respective individual capacity*)

53.

Plaintiff hereby incorporates facts 1 through 52 to support this Count I.

54.

Based on the incorporated facts, Defendants Shoupe and Daniels, violated Ms. Ward's rights by ratifying and implementing a shocking Eugenics policy that also unlawfully impinged and encroached upon Ms. Ward's fundamental constitutional right to be free from unwarranted government interference

22

regarding Ms. Ward's decision-making about her ability (and opportunity) to procreate.

55.

Ms. Ward is entitled to all damages permissible under controlling law, as well as attorney fees and cost regarding this lawsuit.

**COUNT II**
**VIOLATION OF MS. WARD'S FOURTEENTH AMENDMENT**
**SUBSTANTIVE DUE PROCESS RIGHTS**
**UNDER 42 U.S.C. § 1983**
(*Against White County*)

56.

Plaintiff hereby incorporates facts 1 through 55 to support this Count II.

57.

Based on the incorporated facts, White County, through its official policy maker, Sheriff Shoupe, implemented a policy, pattern and practice that absolutely was the driving force behind the violation of Ms. Ward's Fourteenth Amendment Substantive Due Process rights to be free from unlawful coercion regarding her decision making with respect to her ability to procreate.

58.

Ms. Ward is entitled to all damages permissible under controlling law, as well as attorney fees and cost regarding this lawsuit.

## COUNT III

## VIOLATION OF MS. WARD'S FOURTH AMENDMENT RIGHTS AND FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS RIGHTS UNDER 42 U.S.C. § 1983
(*Against Shoupe and White County*)

59.

Plaintiff hereby incorporates facts 1 through 47 to support this Count III.

60.

Based on the incorporated facts, and the fact that after being placed in the subject jail program Ms. Ward's was supposed to be released on or about June 2, 2017 instead of July 4, 2017, White County and Shoupe violated Ms. Ward's due process rights by refusing to release her pursuant to her new release date based on her participation in the subject program, which required her to inject Nexplanon in her arm.

61.

Ms. Ward is entitled to all damages permissible under controlling law, as well as attorney fees and cost regarding this lawsuit.

24

## COUNT IV

## CONSPIRACY TO VIOLATE MS. WARD'S CONSTITUTIONAL RIGHTS PURSUANT TO 42 U.S.C. § 1983
(*Against Shoupe*)

62.

Plaintiff hereby incorporates facts 1 through 61 to support this Count IV.

63.

Based on the incorporated facts, Shoupe conspired with Judge Benningfield and employees of the Tennessee Department of Health to violate Ms. Ward's Fourteenth Amendment Substantive Due Process rights to be free from unlawful coercion with respect to her right to exercise unduly coerced decision making regarding her ability to procreate. Shoupe approached the Tennessee Department of Health well prior to Judge May 15, 2017 Order (See Ex. 1) and requested that it provide sterilization services to White County inmates as part of Shoupe's program to provide 30-day reduction in time in exchange for participation in the subject program. The Tennessee Department of health agreed as evidenced by them going to White County Jail to inject Nexplanon in the arm of Ms. Ward and other inmates on May 5, 2017—a full 10 days prior to Judge Benningfield's subject Order.

64.

Ms. Ward is entitled to all damages permissible under controlling law, as well as attorney fees and cost regarding this lawsuit.

**COUNT V**
**NEGLIGENCE**
*(Against Daniels)*

65.

Plaintiff hereby incorporates facts 1 through 64 to support this Count III.

66.

Based on the incorporated facts, violated her duty of care to Ms. Ward by permitting Ms. Ward to be injected with Nexplanon while knowing that Ms. Ward did not qualify for the attenuated 30-day jail sentence reduction. Daniels knew or should have known that Ward did not qualify for the subject program. Daniels violation of her duty to Ward caused Ward emotional and physical harm because Ward would have never given up her right to procreate if she had known that she was not going to get a 30-day sentence reduction.

67.

Ward is entitled to all damages permissible under controlling law, as well as attorney fees and cost regarding this lawsuit.

26

## COUNT VI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
*(Against Daniels)*

68.

Plaintiff hereby incorporates facts 1 through 66, to support this Count VI.

69.

Based on the incorporated facts, Daniels negligently inflicted emotional distress on Ms. Ward by negligently failing to tell Ms. Ward that she did not qualify for the subject 30-day reduction in jail time, prior to permitting Ms. Ward to be injected with Nexplanon. Daniels knew or should have known that Ms. Ward did not qualify for the subject program. Ms. Ward would have never given up her right to procreate if she had known that she was not going to get a 30-day sentence reduction.

## COUNT VII

## REQUEST FOR DECLARATORY JUDGEMENT AND INJUNCTIVE RELIEF
*(Against Benningfield and Shoupe)*

70.

Plaintiff hereby incorporates facts 1 through 52, to support this Count VI.

71.

Based on the incorporated facts, and the fact that Judge Benningfield has stated he has done nothing unconstitutional and nothing is with the program that

27

forms the basis of this Complaint, Daniels request that this Court declare the

subject program unconstitutional. Also Ms. Ward request that this Court provide

injunctive relief against Shoupe and Benningfield in the form of ordering both to

immediately order the removal of the Nexplanon from Ms. Ward's arm—free of

any cost to Ms. Ward. Ms. Ward will brief these two issues soon after the filing of

this Complaint.

**COUNT VIII**
**PUNITIVE DAMAGES**
(*Against all Shoupe and Daniels, in their respective individual capacity*)

**Based on the facts alleged in this complaint,** Plaintiff is entitled to punitive

damages, under all applicable laws, because, *inter ali*a, Defendants acted with a

willful and conscience indifference to the laws that protect Ms. Ward's

Constitutional rights.

**COUNT IX**
**ATTORNEY FEES**

**Based on the facts alleged in this Complaint,** Ms. Ward is entitled to

attorney fees, under all applicable laws.

**WHEREFORE**, Ms. Ward prays for a trial by jury of twelve and judgment

against Defendants as follows:

(a) That process issue and service be had on each Defendant;

28

(b) That Plaintiff be awarded all other expenses in an amount to be determined at trial, including attorney fees;

(c) That Plaintiff recover all costs of this litigation;

(d) That a jury trial be had on all issues so triable;

(e) Plaintiff have Judgment against Defendants for punitive damages; and

(f) That Plaintiff receives such other and further relief as this Court deems just and proper.

Respectfully submitted on this 16th day of August 2017,

By */s/ William H. Stover*
William H. Stover
TN Bar No. 020537
Stover Law Group
222 2nd Ave. North, Ste. 326
Nashville, Tennessee 37201
(615) 613-0541/(615) 613-0546 FAX
ws@Wstoverlaw.com

By */s/ Mario B. Williams*
Mario B. Williams
GA Bar No. 235254
*Future Immediate Pro Hac Vice*
Nexus Caridades Attorneys, Inc.
44 Broad Street, NW, Suite 200
Atlanta, Georgia 30303
(404) 654-0288 / (703) 935-2453 FAX
mwilliams@nexuscaridades.com
mwilliams@nexuscaridades.com