```
UNITED STATES DISTRICT COURT
   MIDDLE DISTRICT OF TENNESSEE
        AT COOKEVILLE
```

```
CHRISTEL WARD,                  )
                                )
        Plaintiff               )
                                )   No. 2:17-0047
v.                              )   Chief Judge Crenshaw/Brown
                                )   Jury Demand
ODDIE SHOUPE, Sheriff, et al.,  )
                                )
        Defendants              )
```

## O R D E R

In this case the Plaintiff, unlike related cases Nos. 2:17-52, 59, and 60), was serving a State sentence, rather than a sentence from the general sessions court. The State is not named as a Defendant in this case.

This case is under a scheduling order (Docket Entry 23) and is set for trial on June 18, 2019 (Docket Entry 24).

Counsel for the Defendants has advised that he will, in all likelihood, be filing a motion to dismiss based on immunity as well as other grounds. At this point this is an individual case and is not part of the possible class action for women (*Garrett v. Shoupe*, No. 2:17-0059).

Under the scheduling order discovery may remain open until November 30, 2018. Given the motions to dismiss in the other cases involving the same Defendants, as well as the anticipated motion to dismiss in this case, it may be best to resolve the motions to dismiss, particularly since they may involve qualified immunity, first before the parties engage in heavy discovery.

It is also possible that given the nature of the case that extensive fact discovery will not be needed.

To the extent medical releases concerning the treatment of the Plaintiff are necessary the Plaintiff should sign necessary HIPAA releases, and to the extent further consideration of medical records is required, the parties should prepare an order for the Court to sign directing the release of relevant records. The Magistrate Judge would not anticipate that any HIPAA releases would require a release of a Plaintiff's full medical history, but should be limited to medical records concerning any implants or their removal. Additionally, medical records concerning this, given their personal nature, may be filed under seal.

Assistant Attorney General Ms. Miller in the *Stall v. Shoupe* (No. 2:17-0060) case advised that any of the women who had received an implants could have them removed free of charge by the State.

The Magistrate Judge will not modify the present scheduling order or recommend a new trial date. Adjustments to the scheduling order may be made once the anticipated motion to dismiss is actually filed.

In all four of these related cases the Magistrate Judge has discussed with the parties the possibility of ADR. ADR would appear to be especially appropriate since none of the men actually received vasectomies and the women have been offered a free removal of the implants should they request that, and the practice in

question has been terminated and it appears that all of the Defendants are in agreement that it will not be repeated. The longer the litigation continues, obviously, the more expense all parties will have. Unfortunately, at the present time it appears that progress cannot be made until the various motions to dismiss that have been filed or will be filed in the immediate future are resolved.

The parties are advised that the Magistrate Judge stands ready to refer this matter for ADR at the parties' request at any point.

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge