IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| CHRISTEL WARD | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 2:17-cv-0047 |
| | ) | Chief Judge Crenshaw/Brown |
| vs. | ) | |
| | ) | |
| SHERIFF ODDIE SHOUPE, *et al.* | ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

## QUALIFIED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and 45 C.F.R. § 164.512(e)(1), the Court finds good cause for the issuance of a qualified protective order and ORDERS as follows:

1. The parties and their attorneys are hereby authorized to receive, subpoena and transmit "protected health information" pertaining to this case to the extent and subject to the conditions outlined herein.

2. For the purposes of this qualified protective order, "protected health information" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103 and 164.501. Protected health information includes, but is not limited to, health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual, which identifies the individual or which reasonably could be expected to identify the individual.

3. All "Covered Entities" (as defined by 45 C.F.R. § 160.13) are hereby authorized to disclose protected health information pertaining to this case to attorneys representing the Plaintiff and Defendants in the above-captioned litigation.

4. The parties and their attorneys shall be permitted to use or disclose the protected health information for purposes of prosecuting or defending this action including any appeals of this case. This includes, but is not necessarily limited to, disclosure to their attorneys, experts, consultants, court personnel, court reporters, copy services, trial consultants, and other entities or persons involved in the litigation process.

5. Prior to disclosing protected health information to persons involved in this litigation, counsel shall inform each such person that the protected health information may not be used or disclosed for any purpose other than this litigation. Counsel shall take all other reasonable steps to ensure that persons receiving protected health information do not use or disclose such information for any purpose other than this litigation.

6. Within 45 days after the conclusion of the litigation including appeals, the parties, their attorneys, and any person or entity in possession of protected health information received from counsel pursuant to paragraph four of this Order, shall return all such protected health information to the Covered Entity or destroy any and all copies of protected health information pertaining to this case, except that counsel are not required to secure the return or destruction of protected health information submitted to the court.

7. This Order does not control or limit the use of protected health information pertaining to this case that comes into the possession of the parties or their attorneys from a source other than a "Covered Entity," as that term is defined in 45 C.F.R. § 160.103.

8.      Nothing in this Order authorizes counsel for the Defendants to obtain medical records or information through means other than formal discovery requests, subpoenas, depositions, pursuant to a patient authorization, or other lawful process.

9.      This Order does not authorize either party to seal court filings or court proceedings. The Court will make a good cause determination for filing under seal if and when the parties seek to file protected health information under seal.

**Entered** this the 28th day of February, 2018.

                                            _____
                                            Magistrate Judge Joe Brown

Submitted for Approval By,

/s/ Mario B. Williams
Mario B. Williams
GA Bar No. 235254
Admitted *Pro Hac Vice*
/s/Andrew R. Tate
Andrew R. Tate
GA Bar No. 518068
Admitted *Pro Hac Vice*
Nexus Caridades Attorneys, Inc.
44 Broad Street, NW, Suite 200
Atlanta, Georgia 30303
(404) 654-0288 / (703) 935-2453 FAX
mwilliams@nexuscaridades.com
atate@nexuscaridades.com
*Counsel for Plaintiffs*

/s/ Michael T. Schmitt
Michael T. Schmitt, BPR #026573
*Attorney for Defendants*
The Ortale Kelley Law Firm
330 Commerce Street, Suite 110
Nashville, TN  37201
mschmitt@ortalekelley.com
615-256-9999
615-726-1494 (facsimile)